**NORTHERN DISTRICT OF NEW YORK**

**WINDELL R. KING, SR.,** *a member of the Saint Regis Mohawk Tribe, d/b/a First Nations Pharmaceutical, on the Saint Regis Mohawk Reservation,*



Plaintiff,

- v -

Civ. No. 8:11-CV-281
(DNH/RFT)

**UNITED STATES DRUG ENFORCEMENT AGENCY, and UNITED STATES POSTAL INSPECTION SERVICE,**

Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## MEMORANDUM-DECISION and ORDER

Windell King, Sr., initiated a civil action, pursuant to FED. R. CRIM. P. 41(g), by filing a Motion for the Return of Property seized from his home and business. Dkt. No. 1, Pl.'s Mot. On July 21, 2011, this Court issued a Memorandum-Decision and Order (MDO) dismissing King's Rule 41(g) Motion and ultimately the civil action. Dkt. Nos. 15, Mem.-Dec. & Order, & 16, Judgment, dated July 21, 2011. This Court concluded that King failed to meet the elements for his Rule 41(g). Dkt. No. 15 at p. 18.

On July 28, 2011, King filed a Motion for Reconsideration of the MDO. Dkt. No. 17. Stylistically, King's Motion had all of the earmarks of either an appeal or objections being addressed to the attention of the Honorable David N. Hurd, United

States District Judge. After conferring with Judge Hurd, we concluded that this Court address the Motion for Reconsideration.

King argues in his Motion for Reconsideration that this Court (1) erred on every point raised in his Rule 41(g) Motion and (2) had no jurisdiction to render a final order, as well as present yet another expert affidavit. Dkt. No. 17-1, John P. Mudri Aff., dated July 13, 2011. On August 15, 2011, the Government filed its opposition to King's Motion for Reconsideration. Dkt. No. 18, Gov't Opp'n.

## I. STANDARD OF REVIEW

Generally, reconsideration of a court's prior decision is warranted only where the moving party demonstrates "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear error or prevent manifest injustice." *Caidor v. Harrington*, 2009 WL 799954, at *1 (N.D.N.Y. Mar. 24, 2009) (Suddaby, J.) (quoting *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514 U.S. 1038 (1995)); *Bartz v. Agway, Inc.*, 849 F. Supp. 166, 167 (N.D.N.Y. 1994) (McAvoy, C.J.) (citing *Wilson v. Consol. Rail Corp.*, 815 F. Supp. 585 (N.D.N.Y. 1993) & *McLaughlin v. New York Governor's Office of Employee Relations*, 784 F. Supp. 961, 965 (N.D.N.Y. 1992)); *see also Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). Thus, the moving

party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *see also Lesch v. United States*, 372 Fed. App'x 182, 183 (2d Cir. 2010) (unpublished opinion) (citing *Shrader*).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d at 257. "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted). Of significance here, "[a] motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue[.]" *Fredericks v. Chemipal, Ltd.*, 2007 WL 1975441, at *1 (S.D.N.Y. July 6, 2007). In other words, it is not an opportunity to take a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). *See In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (quotation marks and citations omitted);

*In re Bird*, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) ("A motion for reconsideration is not a forum for new theories or for plugging the gaps of a lost motion with additional matters.") (internal quotation marks and citation omitted).

## II. MAGISTRATE JUDGE'S JURISDICTION

Upon the filing of King's Rule 41(g) Motion, the Clerk of the Court directly referred this matter to this Court. Dkt. No. 2. Not. of Hr'g, dated Mar. 15, 2011. This referral was not a situation where Judge Hurd, or any other District Judge in the Northern District of New York, referred this matter to the Court for a report and recommendation. Presumably, the Clerk of the Court as well as this Court accepted that it had jurisdiction to hold a hearing, if necessary, and render a dispositive decision. At no time did either party, King or the Government, question the Court's jurisdiction, lending greater credence to the proposition that this Court was, indeed, empowered to decide this matter. Now, after a final order was issued that was unfavorable to King's Motion, he raises the specter that "he was expecting the Magistrate Judge to report and recommend to the assigned U.S. District Court Judge[.]" Dkt. No. 17 at p. 1. Based on this recently announced position, King asserts that magistrate judges are not authorized to issue final orders in supplementary proceedings such as this. *Id.*

This Court assumed that it had jurisdiction not only on the basis on how the

matter was delegated on the miscellaneous docket, which generally connotes ancillary and supplementary proceedings not essentially defined as a civil action, *see Carrol v. Homecomings Financial Network*, 294 Fed. App'x 945, 946 (5th Cir. 2008), but upon the persuasive analysis found in *United States v. Douleh*, 220 F.R.D. 391 (W.D.N.Y. 2003) and *In re Search of 4330 North 35th Street, Milwaukee, Wisconsin*, 142 F.R.D. 161 (E.D. Wis. 1992), as well as the current inclination of district courts and Congress to vest increasing responsibility and authority in magistrate judges. According to the thorough history of magistrate judges' role over Rule 41(g) types of motions, which is found in *United States v. Douleh*, magistrate judges, formerly known as commissioners, may have had such a role over the return of seized property. Then, in 1944, Rule 41(e) - Rule 41(g) predecessor - stated that such motion may only be made before a judge. The advisory committee notes at that time construed this to mean "the court." In this context, district judges actively considered these types of motions. Although there was no definitive abrogation of the commissioner's role, nonetheless, the hearing of these types of motion was reserved to the district judge. 220 F.R.D. at 393. In 1989, Rule 41 was amended again, and this time Congress substituted the word "court" for "judge," a far more inclusive connotation than previously stated. A reference to the "court" can mean either including magistrate judges within its contours or be a direct reference to magistrate judges. The 1989

advisory committee notes state that this change to "court" was made "to clarify that a magistrate may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge." FED. R. CRIM. P. 41, advisory comm. notes for 1989; *United States v. Douleh*, 220 F.R.D. at 393-94. By making it a conjunctive, "or," highlighting a delineation between the two forms of reviews, the advisory notes strongly suggest that a magistrate judge can make a final determination of the facts or present to a district judge "proposed findings." Otherwise, the conjunction makes little sense. As the *Douleh* Court found, "[i]f a magistrate only had the authority to issue a report and recommendation, 'there would be no distinction between a finding and a proposed finding, and the use of both would have been superfluous.'" *United States v. Douleh*, 220 F.R.D. at 394 (quoting, in part, *4330 North 35th Street, Milwaukee, Wis.*, 142 F.R.D. at 165). On the persuasive strength of *Douleh* and *4330 North 35th Street*, this Court concluded that, indeed, it had primary jurisdiction to make findings and render the ultimate dispositive decision.[1] *Id.* at 393 ("In this Court's view . . . the 1989 amendment conferred upon magistrate judges the authority to hear Rule 41(e) [now Rule 41(g)] motions,

---

[1] The Government agrees with the legal proposition that this Court has primary jurisdiction over Rule 14(g) motions. Dkt. No. 18, Gov't Opp'n at pp. 3-5.

consistent with 28 U.S.C. § 636.").[2]

The Court did not suspect that our jurisdiction would be questioned until we were confronted with this Motion for Reconsideration. King argues that his research reveals that many Rule 41(g) related decisions were either issued directly by a district judge or upon a report and recommendation from a magistrate judge, an observation that is not contested by this Court. Dkt. No. 17 at p. 5. Those cases cited by King, with the exception of *Douleh*, however, did not grapple with the jurisdictional issue. Yet, further research by this Court exposes a difference of opinion as to whether magistrate judges possess primary jurisdiction over Rule 41(g) motions. *In re Search of Patient Records Located, on March 2, 2010, in a Safe at 35 West Third Ave., Williamson, W.V.* 2010 WL 5211551, at *4 (S.D.W.Va. Nov. 17, 2010) (agreeing in principle that a magistrate judge may have primary jurisdiction, but in practice, or at least in this case, the magistrate judge requested the district judge to assign the motion to it); *In re Search of 3765 Kettle Court East, Delafield, Wisconsin*, 2009 WL 1508165 (E.D.Wis. May 29, 2009) (Magistrate Judge Aaron E. Goodstein confirming his previous rulings on the matter that magistrate judges have primary jurisdiction);

---

[2] It should be noted that in *Douleh*, the 41(g) motion was specifically referred to the magistrate judge, which caused the magistrate judge to issue a report and recommendation. Notwithstanding the direct referral from the Honorable Michael A. Telesca, United States District Judge, the Honorable Marian W. Payson, United States Magistrate Judge, still found that she could have exercised primary jurisdiction over Rule 41(g) types of motions.

*Doane v. United States*, 2009 WL 1619642 (S.D.N.Y. June 5, 2009) (supporting primary jurisdiction); *In re Search of Scranton Housing Auth.*, 487 F. Supp. 2d 530 (M.D.Pa. 2007) (finding that magistrate judges do not have primary jurisdiction for the return of seized property). In terms of this jurisdictional controversy, only the Seventh Circuit in *Stuart v. Rech*, 603 F.3d 409 (7th Cir. 2010) has opined as to whether a magistrate judge may have full jurisdiction over a Rule 41(g) motion. The Circuit posited that

> [] we pause to note the oddity, and probably the irregularity, of the magistrate judge's having denied the motion rather than recommended that the district judge deny it. We can't find in 28 U.S.C. § 636(b), which lists a magistrate judge's powers, or in the cases construing that section, authority for a magistrate judge to rule finally on Rule 41(g) motions.

603 F.3d at 411 (citations omitted).

In light of this ongoing debate over magistrate judges' jurisdiction, and giving particular consideration to the Seventh Circuit's *dicta*, this Court will heed the advice given by the Honorable Mary E. Stanley, United States Magistrate Judge, and take "precautionary measure[s]," and with an abundance of caution, by converting this Court's MDO into a Report and Recommendation. *In re Search of Patient Records Located, on March 2, 2010, in a Safe at 35 West Third Ave., Williamson, W.V.*, 2010 WL 5211551, at *4.

### III. KING'S OTHER OBJECTIONS

As to all other objections raised by King, he has failed to allege any of the above proper grounds for reconsideration. Instead, King is merely attempting to relitigate the Court's MDO, without demonstrating that there is an intervening change of controlling law, the availability of new evidence, and a need to correct a clear error or prevent manifest injustice. All that King has accomplished is to reiterate each and every argument he previously advanced. As the Second Circuit has noted, a motion for reconsideration should not be granted where the moving party is seeking to relitigate issues already decided, in essence, taking a second bite of the apple. *Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Nor is a motion for reconsideration an opportunity to advance new arguments or present additional facts that were available when the original motion was filed. Here, Murdi's Affidavit, which is exactly the same as David B. Brushwood's Affidavit, *see* Dkt. No. 1-6, does not advance any new argument or fact, and such Affidavit was available to King at the time he presented his original papers. Neither does Murdi's Affidavit constitute new evidence. Nonetheless, late submissions of this type of evidentiary discussion are not permitted on motions for reconsideration.[3]

---

[3] If indeed King contemplated his Motion for Reconsideration to be objections to this Court's MDO, addressed to the attention of Judge Hurd, Murdi's Affidavit would be equally unavailing. When making objections to a magistrate judge's report and recommendation or decision, a party is
(continued...)

It is not incumbent upon the Court to recapitulate its comprehensive analysis of the issues and it will not do so now, other than to note that King failed to meet the elements of Rule 41(g) Motion. Therefore, with the exception of the issue of primary jurisdiction, King's Motion for Reconsideration is **denied**.

Accordingly, it is hereby

**ORDERED**, that King's Motion for Reconsideration, Dkt. No. 17, is **granted in part and denied in part**;[4] and it is further

**ORDERED**, that the Court's Memorandum-Decision and Order, dated July 21, 2011, Dkt. No. 15, will be converted into a report and recommendation. The Court will forthwith issue that report and recommendation;[5] and it is further

**ORDERED**, that the Clerk of the Court vacate the Judgment filed on July 21, 2011, Dkt. No. 16.

**IT IS SO ORDERED.**

---

[3](...continued)
not permitted to interject new arguments or present new evidence.

[4] King's request for oral argument is moot.

[5] Once this Court has converted the MDO into a report and recommendation, the parties will have an opportunity to file objections thereto. Pursuant to 28 U.S.C. § 636(b)(1), the parties will then have fourteen (14) days within which to file written objections to the foregoing report. Such objections will be filed with the Clerk of the Court. A parties failure to object to the report timely may preclude appellate review. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

August 18, 2011
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge